**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **RMG TRADING LLC, D/B/A** | * | |
| **QUALITY FOOD EQUIPMENT** | | |
| *Plaintiff*, | * | |
| v. | | Civil Case No: 1:26-cv-02310-JMC |
| **MUSE FREIGHT LLC, et al.** | * | |
| *Defendants.* | * | |

* * * * * * * * * * * *

**MEMORANDUM OPINION AND ORDER**

Presently pending before the Court is Plaintiff RMG Trading LLC's Motion for Alternative Service of Process, in which Plaintiff requests an order "authorizing service of the Summons and Complaint upon Defendant DG Trans, Inc. by mailing a copy to the resident address provided by the Illinois Secretary of State, via first-class and certified mail" in accordance with Fed. R. Civ. P. 4(e)(1) and Illinois Code of Civil Procedure § 2-204. (ECF No. 16). The Court has carefully considered Plaintiff's Motion for Alternative Service of Process (ECF No. 16) and the attachments thereto (ECF Nos. 16-1, 16-2, 16-3, 16-4, 16-5, 16-6, 16-7). For the reasons set forth below, Plaintiff's Motion for Alternative Service of Process is hereby GRANTED in part and DENIED in part.

To effectuate constitutional service of process, a plaintiff must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank*, 339 U.S. 306, 314 (1950). Plaintiff submits that service by certified mail to the resident address provided by the Illinois Secretary of state is "well-within the parameters for service of process in

Illinois." (ECF No. 16 at 5).[1]

Plaintiff asserts that it attempted to notify Defendant DG Trans, Inc. of its claims prior to filing its Complaint but its Notice of Claim letter addressed to an address in Bakersfield, California was returned undeliverable. (ECF No. 16 at 2). Plaintiff states that it hired a process server who determined that DG Trans, Inc.'s resident agent was Onyine Nnabuogor, located at 721 N. Lakeside Drive Vernon Hills, Illinois, 60061, as is reflected by the Illinois Secretary of State. (ECF Nos. 16-5, 16-6). Plaintiff then conducted a skip trace search of Onyine Nnabuogor which produced no responsive results. *Id.*; *see also* (ECF No. 16-4). The affidavit of the process server hired by Plaintiff states that on August 18, 2026, he first attempted to effectuate service while three vehicles were in parked the driveway of the residence. (ECF No. 16-7 at 1). The process server affirms that he spoke with a man named Dionis Gjeci through a Ring camera, during which Mr. Gjeci stated that he had sold DG Trans, Inc. in February 2025 and that he had had no affiliation with the corporation. *Id.* The process server's affidavit states that "all signs point to [the residence] being Dionis Gjeci's home address." *Id.* He attempted service on two additional occasions, and he once again spoke with a man believed to be Mr. Gjeci through a Ring camera, but he was ultimately unable to execute service and left the documents at the doorstep. *Id.*

Rule 4(h) of the Federal Rules of Civil Procedure governs service on a corporation. In the United States, service must occur either (1) "in the manner prescribed by Rule 4(e)(1) for serving an individual" or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document. Where a document does not have an electronic filing stamp, the Court is referring to the page numbers at the bottom of the document.

also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(A)—(B). Federal Rule of Civil Procedure 4(e)(1) provides that an individual defendant may be served pursuant to the "state law . . . in the state where the district court is located or where service is made." Here, pursuant to Federal Rule of Civil Procedure 4(e)(1) service may be made pursuant to the service of process rules for Maryland (the state where this Court is located) or Illinois (the state where Plaintiff intends to serve Defendant).

Plaintiff claims that Illinois Code of Civil Procedure § 2-204 "permits service on a private corporation by mail without necessarily obligating the serving party to move for substitutive service." (ECF No. 16 at 4). The Court disagrees. 735 Ill. Comp. Stat. Ann. 5/2-204 provides that a corporation may be served either through its officer or agent or "in any other manner now or hereafter permitted by law." However, under Illinois law, "certified mail is generally not an adequate means of service for corporations." *Tidwell v. Exxon Mobil Corp.*, No. 21 C 6572, 2022 WL 345082, at *2 (N.D. Ill. Feb. 4, 2022) (*quoting Goode v. PennyMac Loan Servs.*, LLC, 2014 WL 6461689, at *9 (N.D. Ill. Nov. 18, 2014) ("Certified mail is thus not listed as an appropriate method of serving corporations in the text of . . . the relevant state statutes.").

That notwithstanding, if an Illinois corporation has a registered agent in Illinois, the corporation may be served through the Illinois Secretary of State "[w]henever the corporation's registered agent cannot with reasonable diligence be found at the registered office in th[e] [s]tate." 805 ILCS 5/5.25(b)(2). The manner for serving the Illinois Secretary of State is set forth in 805 ILCS 5/5.25(c). The process involves providing "the Secretary of State with a copy of the process, the notice or demand and any other required documents, along with an affidavit of compliance," "send[ing] the same by registered or certified mail to the corporation being served" to the address on file and the address "which the person instituting the action knows or[] . . . has reason to

believe[] is most likely to result in actual notice." *TDY Indus., LLC v. IWY, Inc.*, No. 20-CV-1627-LJV, 2022 WL 1590608, at *4 (W.D.N.Y. May 19, 2022) (quoting *3M Co. v. John J. Moroney & Co.*, 374 Ill. App. 3d 109, 111-12 (1st Dist. 2007)).

Plaintiff has diligently attempted to effectuate service on all Defendants in this case and has, on numerous occasions, attempted to serve DG Trans, Inc. but has been unable to do so. Accordingly, this Court finds that Plaintiff has demonstrated through its Motion for Alternative Service of Process and the attachments thereto that it cannot with reasonable diligence serve Defendant DG Trans, Inc.'s registered agent Onyine Nnabuogor personally. Plaintiff may therefore follow the methods set forth in 805 ILCS 5/5.25(c). The alternate service method proposed in the Motion for Alternative Service of Process, however, is not appropriate.

For the reasons set forth above, Plaintiff's Motion for Alternative Service of Process by certified mail (ECF No. 16) is DENIED as to Plaintiff's requested alternate service method and GRANTED to the extent Plaintiff effectuates service pursuant to 805 ILCS 5/5.25.

/s/

J. Mark Coulson
United States Magistrate Judge
September 30, 2026